# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1942V**

|  |  |
|---|---|
| TAONE RANDAZZO, | Chief Special Master Corcoran |
| Petitioner, | Filed: February 27, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

## FINDINGS OF FACT AND RULING ON ENTITLEMENT[1]

On December 22, 2020, Taone Randazzo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza ("flu") vaccine she received on October 16, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

For the reasons discussed below, I find that the onset of Petitioner's pain more likely than not occurred within 48 hours of her vaccination, and that she has satisfied all

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of the other requirements of a Table SIRVA claim. Therefore, Petitioner is entitled to compensation under the Vaccine Act.

## I.    Relevant Procedural History

In November 2023, the parties reached an impasse after about a year of settlement negotiations. *See* ECF No. 53. Respondent filed his Rule 4(c) Report on January 11, 2024, in which he argued that Petitioner has not established that the onset of her pain began within 48 hours of her vaccination. Rule 4(c) Report at 10-11. Petitioner filed a Motion for Ruling on the Record ("Mot.") on March 15, 2024. ECF No. 59. Respondent filed a response ("Resp.") on April 25, 2024. ECF No. 60.

The matter is now ripe for adjudication.

## II.    Relevant Facts

Petitioner, a 51-year-old nurse, received a flu vaccine on October 16, 2019, in Burbank, California. Ex. 1 at 2. She states that she immediately felt a "zing" and said "ouch" at the time of the injection. Ex. 24 at ¶1. She recalled "still having aches and pains" "over the following days." *Id*. at ¶3. She self-treated with essential oils and ibuprofen. *Id*.

On December 12, 2019 (57 days after her vaccination), Petitioner saw an occupational health provider for her left shoulder pain. Ex. 14 at 6. She reported "persistent pain of the left upper arm since receiving a Flu-shot on 10/16/19." *Id*. She had mild tenderness and pain "on attempted R.O.M. of the left shoulder in all planes." *Id*. at 7. Petitioner was advised to use ice and heat and referred to physical therapy. *Id*. at 8.

On December 19, 2019, Petitioner began physical therapy. Ex. 8 at 18. She reported that she had a flu vaccine at work and "it has been hurting since." *Id*. Petitioner also wrote on her intake form that she "rec'd flu vaccine in left upper arm, immediately felt "zinggg" with pain. Pain has not gone away, along with decreased ROM." *Id*. at 20. Petitioner also saw occupational health again the same day. Ex. 14 at 10. She had a total of 18 physical therapy visits through March 5, 2020. Ex. 8 at 33.

On January 16, 2020, Petitioner followed up with occupational health. Ex. 14 at 16. She reported "persistent pain in the left upper arm after receiving her flu shot on 10/16/2019." *Id*.

On May 22, 2020, Petitioner underwent a medical examination in connection with her worker's compensation claim. Ex. 16 at 14. She reported that she was "recommended to receive a flu vaccine" and "felt a 'zing' in her arm immediately" upon vaccination." *Id*. at 16. She also stated that "her arm pain continued" and that her range of motion

decreased. *Id*. The doctor's assessment was that "she most likely suffered a shoulder injury related to vaccine administration." *Id*. at 21.

On March 15, 2021, Petitioner underwent an orthopedic examination in connection with her worker's compensation claim. Ex. 21 at 29. Petitioner reported that "when she got the injection, she felt a "zing" sensation, and felt as if something weird happened during the injection, and states that it was painful." *Id*. The evaluator diagnosed Petitioner with subacromial bursitis, bicipital tendonitis, and adhesive capsulitis (related to SIRVA). *Id*. at 41. His discussion of his diagnosis expressly states that "the patient experienced immediate pain and later on the pain did not improve." *Id*. at 41-42. Petitioner had another orthopedic evaluation on January 10, 2022. *Id*. at 2. The history of injury states that "the patient sustained injury . . . on 10/16/2019 when she was mandated to get the flu vaccine, during the injection she felt a zing sensation which was painful to her." *Id*.

### III.    Applicable Legal Standards

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove by a preponderance of the evidence the matters required in the petition by Vaccine Act Section 11(c)(1). The Vaccine Act also requires that a petitioner demonstrate that "residual effects or complications" of a vaccine-related injury continued for more than six months. Vaccine Act §11(c)(1)(D)(i). A petitioner cannot establish the length or ongoing nature of an injury merely through self-assertion unsubstantiated by medical records or medical opinion. §13(a)(1)(A). "[T]he fact that a petitioner has been discharged from medical care does not necessarily indicate that there are no remaining or residual effects from her alleged injury." *Morine v. Sec'y of Health & Human Servs.*, No. 17-1013V, 2019 WL 978825, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019); *see also Herren v. Sec'y of Health & Human Servs.*, No. 13-1000V, 2014 WL 3889070, at *3 (Fed. Cl. Spec. Mstr. July 18, 2014).

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Section 11(c)(1). A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence.  The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Cucuras v. Sec'y of Health & Human Servs*., 993 F.2d 1525, 1528 (Fed. Cir. 1993).

Accordingly, where medical records are clear, consistent, and complete, they should be afforded substantial weight. *Lowrie v. Sec'y of Health & Human Servs.*, No. 03-1585V, 2005 WL 6117475, at *20 (Fed. Cl. Spec. Mstr. Dec. 12, 2005). However, this rule does not always apply. In *Lowrie*, the special master wrote that "written records which are, themselves, inconsistent, should be accorded less deference than those which are internally consistent." *Lowrie*, at *19. And the Federal Circuit recently "reject[ed] as incorrect the presumption that medical records are accurate and complete as to all the patient's physical conditions." *Kirby v. Sec'y of Health & Human Servs.*, 997 F.3d 1378, 1383 (Fed. Cir. 2021).

The United States Court of Federal Claims has recognized that "medical records may be incomplete or inaccurate." *Camery v. Sec'y of Health & Human Servs.*, 42 Fed. Cl. 381, 391 (1998). The Court later outlined four possible explanations for inconsistencies between contemporaneously created medical records and later testimony: (1) a person's failure to recount to the medical professional everything that happened during the relevant time period; (2) the medical professional's failure to document everything reported to her or him; (3) a person's faulty recollection of the events when presenting testimony; or (4) a person's purposeful recounting of symptoms that did not exist. *La Londe v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 184, 203-04 (2013), *aff'd*, 746 F.3d 1335 (Fed. Cir. 2014).

The Court has also said that medical records may be outweighed by testimony that is given later in time that is "consistent, clear, cogent, and compelling." *Camery*, 42 Fed. Cl. at 391 (citing *Blutstein v. Sec'y of Health & Human Servs.*, No. 90-2808, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998). The credibility of the individual offering such testimony must also be determined. *Andreu v. Sec'y of Health & Human Servs.*, 569 F.3d 1367, 1379 (Fed. Cir. 2009); *Bradley v. Sec'y of Health & Human Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993).

A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Section 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id*.

The special master is obligated to fully consider and compare the medical records, testimony, and all other "relevant and reliable evidence contained in the record." *La Londe*, 110 Fed. Cl. at 204 (citing Section 12(d)(3); Vaccine Rule 8); *see also Burns v.*

*Sec'y of Health & Human Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that it is within the special master's discretion to determine whether to afford greater weight to medical records or to other evidence, such as oral testimony surrounding the events in question that was given at a later date, provided that such determination is rational).

## IV.    Findings of Fact – Onset

Respondent argues that 48-hour onset cannot be established. Resp. at 7. In support, Respondent points to Petitioner's delay of approximately eight weeks before seeking medical treatment, and her "vague" reporting of "persistent pain 'since'" her flu vaccination. *Id*. Further, although Respondent acknowledges that Petitioner reported a "zing" after her vaccination, he argues that this characterization cannot necessarily be deemed consistent with onset of pain. *Id*.

However, there is ample support in the record that Petitioner experienced pain immediately after her vaccination. Petitioner recalled saying "ouch" at the time of injection, for example, clearly indicating that she experienced pain. Ex. 24 at ¶1. Further, the first time Petitioner sought treatment, she reported "persistent pain of the left upper arm since receiving a Flu-shot on 10/16/19." Ex. 14 at 6. When she began physical therapy, Petitioner noted that she "immediately felt "zinggg" with pain." Ex. 8 at 20. During her orthopedic evaluation, Petitioner specifically stated that "she felt a "zing" sensation, and felt as if something weird happened during the injection, and states that it was painful." Ex. 21 at 29. The orthopedic evaluator deemed Petitioner to have experienced a SIRVA injury, specifically noting that his assessment was based, in part, upon the fact that she "experienced immediate pain and later on the pain did not improve." Ex. 21 at 41-42. While Respondent attempts to characterize the "zing" reported by Petitioner as something other than pain, the medical records are clear that Petitioner did, in fact, specify that the sensation was both immediate and painful.

Accordingly, I find there is preponderant evidence to establish the onset of Petitioner's pain occurred within 48 hours of vaccination.

## V.    Ruling on Entitlement

### A.    *Requirements for Table SIRVA*

I have found that Petitioner has preponderantly established that her pain began within 48 hours of her vaccination. 42 C.F.R. § 100.3(c)(10)(ii)-(iii). Respondent has not contested Petitioner's proof on the remaining elements of a Table SIRVA. *See* 42 C.F.R. § 100.3(c)(10)(i), (iv). Accordingly, I find that Petitioner has provided preponderant evidence to establish that she suffered a Table SIRVA injury.

B.     *Additional Requirements for Entitlement*

Because Petitioner has satisfied the requirements of a Table SIRVA, she need not prove causation. Section 11(c)(1)(C). However, she must satisfy the other requirements of Section 11(c) regarding the vaccination received, the duration and severity of injury, and the lack of other award or settlement. Section 11(c)(A), (B), and (D).

The vaccine record shows that Petitioner received an influenza vaccination in her left deltoid on October 16, 2019 in Burbank, CA. Ex. 1 at 2; Section 11(c)(1)(A) (requiring receipt of a covered vaccine); Section 11(c)(1)(B)(i) (requiring administration within the United States or its territories). Additionally, Petitioner has stated that she has not filed any civil action or received any compensation for her vaccine-related injury, and there is no evidence to the contrary. *See* Ex. 13; Section 11(c)(1)(E) (lack of prior civil award). Finally, Petitioner's medical records reveal that she suffered the residual effects of her vaccine injury for more than six months, and Respondent does not argue otherwise. *See e.g.*, Ex. 21 at 29; Section 11(c)(1)(D)(i) (statutory six-month requirement). Therefore, Petitioner has satisfied all requirements for entitlement under the Vaccine Act.

## Conclusion

**Based on the entire record in this case, I find that Petitioner has provided preponderant evidence satisfying all requirements for a Table SIRVA. Petitioner is entitled to compensation in this case. A separate damages order will be issued.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master